26 So.2d 916

### MALONE v. STATE.

### 7 Div. 877.

Court of Appeals of Alabama.

June 25, 1946.

No appearance for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of assault and battery. He was tried by the court without a jury and after hearing the evidence for the State, and also, for the defendant, the court assessed a fine of fifty dollars, and as additional punishment, he was sentenced to thirty days hard labor for the county.

The Attorney General in brief in the "statement of facts," says: George Henry Stoner, a seventy-one year old white man, was a custodian for the Court House in DeKalb County. In the basement of the Court House were located rest rooms. In the men's rest rooms separate bowls were maintained for white and colored persons. Signs indicated which were to be used by white and which were to be used by colored persons.

On or about June 19, 1945, Mr. Stoner entered said rest room and observed some young colored men using the urinals established for white persons. He called their attention to this fact and upon doing so was told by defendant, a twenty-three year old negro soldier weighing 194 pounds, that the colored men would use whichever urinal they took a notion to, and that the rest room was a public place. This defendant further violently cursed Mr. Stoner, and when Mr. Stoner left defendant started following him and continued to curse him. Mr. Stoner procured a stick out of a nearby mop closet and reached the main floor of the Court House. The defendant thereupon came up to him, grasped the stick, and struck Mr. Stoner a hard blow on the forehead, knocking him down and rendering him in an unconscious or semi-unconscious state. Ignoring the pleas of the other colored men to leave, he belligerently stated that he would remain. The actual striking of the blow was observed by several em-

ployees of the Court House although they were unable to testify as to what had transpired previously. The cut on Mr. Stoner's head broke the skin, necessitating stitches and attendance of a physician.

On the trial defendant represented himself. In substance he testified that Mr. Stoner cursed him instead in the rest room although he did acknowledge that he told him that "it was a public place for anybody that wanted to use it," and that they would leave "when we take a notion." He denied following Mr. Stoner purposely and stated that they proceeded behind him going to the Probate Office to secure a driver's license. Defendant further testified that Mr. Stoner ran up to him with the stick and jabbed him in the ribs and that he grabbed the stick and hit him with his fist.

As will be noted from above, the evidence was in conflict, but in the opinion of this court it was sufficient to authorize the court in the judgment rendered. Other than the sufficiency of the evidence, no other question is presented for consideration by this court. It follows therefore that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.